FRED S. NOLAN, RALPH R. BATISTA, CHARLES W. CLEARLY, JOSEPH A. DAVIS, WILLIAM J. DAVITT, JR., ANTHONY G. GOMES, JAMES HALLECK, DONALD C. HALLIWELL, PHYLLIS J. GORLEY KERKAWICH, JOSEPH M. KARKOSKY, JR., CHARLES KERR, PATRICK J. LARGEY, JR., ARMAND MACHADO, EDWARD M. MCBRIDE, THOMAS P. NUGENT, PETER J. REILLY, HERMAN J. RUSSOMANNO, EUGENE A. SCANNEPICO, RAYMOND J. SMITH, JOHN T. STARR, HAROLD C. STOLL, LOUIS C. TREMBLE, JAMES VAN BRAMER, WALTER WARD AND DANIEL M. WATSON, PLAINTIFFS, v. OTIS ELEVATOR COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided December 22, 1983.

*Greenberg, Kelley & Prior* By: *William S. Greenberg* for plaintiffs.

*Goldman, Stoldt, Breslin & Horan* By: *John D. Horan; Reed, Smith, Shaw & McClay* By: *Peter F. Healey* for defendant.

CASTANO, J.S.C.

The impact of two federal statutes upon the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5–1 *et seq*, when the legality of a retirement benefit plan is challenged because of alleged age discrimination is the issue in this case. The federal laws involved are the Employee Retirement Income Security Act of 1974 (ERISA), 29 *U.S.C.* § 1001 *et seq*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 *U.S.C.* § 621 *et seq.*

Twenty-five former employees charge that a plan adopted by Otis Elevator Company (Otis) discriminates because of age, but their complaint frames the cause of action only in terms of a violation of the New Jersey statute. No breach of a federal statute is pleaded.[1]

Otis contends that when a challenge to an ERISA plan is based on age discrimination, the New Jersey statute is preempted and that, therefore, a cause of action based upon *N.J.S.A.* 10:5–1 *et seq*, is not viable. I agree and grant the motion of Otis for summary judgment on that basis.

## I

The disputed plan was adopted in May of 1980 when Otis shut down its Harrison plant.

Termination benefits were provided for a group of non-union, salaried, managerial employees who had at least 25 years of service, but two separate categories of benefits were set up within the group. One category applied to those workers who were 55 years or older at the time of termination and the other to those who had not yet attained age 55 at that time.

---

[1]No explanation has been offered as to why plaintiffs' complaint is cast solely under the state statute. It may be that plaintiffs have failed to comply with the administrative filing requirements which are a jurisdictional prerequisite. See *Peper v. Princeton University Bd. of Trustees,* 77 *N.J.* 55, 76 (1978).

Employees in both categories received medical and life insurance options, vacation pay and a limited bonus for the final weeks of service.

Those under 55 also received severance pay, calculated at the rate of one week's pay per year of employment.

Those in the 55 and older category [2] did not receive severance pay. Instead, they became eligible immediately for benefits under a plan denominated the Harrison Special Supplemental Retirement Plan (HSSRP).

Under HSSRP, those over 55 receive 90 per cent of their final average annual earnings for a four-year period or until they attain the age of 62, whichever period is the longest for each individual employee. An especially attractive feature of the plan is that the 90 per cent benefit is calculated on the basis of income from all sources, including that derived from social security and from benefits payable under Otis' basic retirement plan. The basic plan remains in effect for members of both categories pursuant to vested rights they have in it.

The 25 plaintiffs all fall into the under-55 category. They contend they would have received benefits substantially in excess of the value of those actually received upon termination if they had received the same treatment as the over 55 group.[3]

## II

The New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq.* was first enacted in 1945 and has been supplemented a number of times since. Originally, it was aimed at discrimination because of race, color, religion, sex or national origin. In

---

[2]Plaintiffs allege that 27 employees qualify under this category.

[3]The 25 plaintiffs allege that the amount of their individual benefit losses range from $73,000 to $167,000, but there is no explanation of the calculation which leads to that result.

1962, discrimination because of age was added to the list of proscribed practices.[4]

Similarly, Title VII of the Civil Rights Act of 1964, 42 *U.S.C.* § 2000e *et seq.*, as originally enacted, prohibited discrimination in employment on the grounds of race, color, religion, sex or national origin only. It did not deal with age discrimination. The void was filled, however, when Congress adopted the ADEA.

The ADEA makes it unlawful for an employer to discriminate against any individual between the ages of 40 and 65 with respect to compensation because of age. Age classifications which adversely affect employee status are proscribed. 29 *U.S.C.* § 623(a).

■ On the other hand, ERISA has nothing to do with discrimination, either by reason of race, color, religion, sex or national origin or by reason of age. It is designed to promote the interest of employees and their beneficiaries in employee fringe benefit plans. *Alessi v. Raybestos—Manhattan, Inc.*, 451 *U.S.* 504, 510, 101 *S.Ct.* 1895, 1899, 68 *L.Ed.*2d 402 (1981). With comprehensive standards which regulate reporting, disclosure and fiduciary responsibilities, it imposes participation, funding and vesting requirements on pension and welfare plans.

By its explicit terms, ERISA pre-empts any statute which may "relate to" any employee benefit plan. 29 *U.S.C.* § 1144(a).[5] However, there are certain specified exceptions. 29 *U.S.C.* § 1144(b).

---

4*N.J.S.A.* 10:5–12 now provides in part:

It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:

a. For an employer because of the * * * age * * * of any individual * * * to discriminate against such individual in compensation or in terms, conditions or privileges of employment * * *.

5 29 *U.S.C.* § 1144(a) provides that:

Exempt from pre-emption are state laws regulating insurance, banking or securities, state criminal laws and plans maintained solely for the purpose of complying with applicable workmen's compensation or disability insurance laws. The Act also provides that:

> * * * nothing in this title shall be construed to alter, amend, modify invalidate, impair or supercede any law of the United States * * * or any rule or regulation issued under such law. 29 *U.S.C.* § 1144(d)

### III

The first determination to be made here is whether the New Jersey statute "relate[s] to" employee benefit plans.

Obviously, *N.J.S.A.* 10:5-1 *et seq.* does not deal specifically with ERISA plans. It deals comprehensively with discrimination.

■ Notwithstanding, the pre-emption provision in ERISA pre-empts all state statutes insofar as they "relate to" plans covered by ERISA even though they may not have been designed by the state legislatures with employee benefit plans particularly in mind. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 *U.S.* 85, ——, 103 *S.Ct.* 2890, 2900, 77 *L.Ed.*2d 490 (1983).[6]

Obviously, the discrimination which plaintiffs allege to have resulted here has a connection with an employee benefit plan.

---

> Except as provided in subsection (b) of this section, the provisions of this title and Title IV shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) and not exempt under section 4(b).

[6]Although the claim in *Shaw* was for discrimination because of pregnancy, one of the statutes involved, the New York Human Rights Law, N.Y.Exec.Law § 296, subd. 1 (McKinney 1982 and Supp 1982–3), which was the subject of an ERISA pre-emption claim, was nearly identical in language to *N.J.S.A.* 10:5-1.

As it would be applied in this case, therefore, *N.J.S.A.* 10:5–1 "relate[s] to" an employee benefit plan.

Consequently, the New Jersey Law Against Discrimination in the context in which it arises in this case is pre-empted by ERISA unless one of the exceptions in ERISA saves it from pre-emption.

### IV

Most of the exceptions manifestly do not apply.

*N.J.S.A.* 10:5–1 does not regulate insurance, banking or securities and it is not a state criminal law. It is not maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance law.

The only way an exception might possibly be carved out, therefore, would be if pre-emption of *N.J.S.A.* 10:5–1 would be found to "alter, amend, modify, invalidate, impair or supercede any law of the United States."

That approach was attempted in *Shaw, supra,* in a similar context. Plaintiffs there argued that a state statute enforced Title VII of the federal Civil Rights Act and that, for that reason, pre-emption of it would "impair and modify" Title VII. The Supreme Court disagreed, declaring that Title VII does not transform all state fair employment laws into federal laws just because state laws play a significant part in the enforcement of Title VII.

The court pointed out that since Title VII does not itself prohibit any specific practice a state statute, when it prohibits a particular practice, is not enforcing Title VII. As a result, Title VII would not be undermined by pre-emption and such a state statute would not be saved from pre-emption.

Since age discrimination is covered by the ADEA and not Title VII, in this case it is necessary to examine the interaction

of *N.J.S.A.* 10:5–1 and the ADEA to determine whether pre-emption of the New Jersey statute would "impair or supercede" the ADEA.

The ADEA is a self-contained, independent statute. An age discrimination claim by individuals between the ages of 40 and 65 is cognizable and enforceable under its provisions whether or not the local jurisdiction has enacted an age discrimination statute and it does not rely solely on state statutes for enforcement. 29 *U.S.C.* § 626.

Consequently, pre-emption of *N.J.S.A.* 10:5–1 would not "impair or supercede" the ADEA. The federal law would not be affected at all.

■ Since none of the exceptions to pre-emption enumerated in ERISA apply to an age discrimination challenge to an ERISA plan by employees in the 40 to 65 age bracket, the Law Against Discrimination is not saved from pre-emption by ERISA.[7]

Since plaintiffs have elected to pursue whatever age discrimination cause of action they might have only under the pre-empted statute and not under the ADEA,[8] Otis is entitled to judgment as a matter of law. Its motion for summary judgment is granted.

---

[7]This court does not rule on the interaction or relationship of ADEA and the New Jersey Law Against Discrimination in actions which do not involve alleged discrimination in ERISA covered plans, or which invalue employees under 40 or over 65.

[8]The ADEA would not be pre-empted by ERISA, but it may not be applicable otherwise.